Burket, J.
The errors assigned and relied upon, arise upon the charge of the court to the jury as given, and refusal to charge as requested. The general charge as to the liability of the street *578 railway company in so far as the points made in argument are concerned, is embraced in the following :
“The Cincinnati Street Railway Company at the time and place mentioned, through its agents or servants, was bound to exercise the highest degree of care which prudent men are accustomed to employ under similar circumstances, and to the end that the passenger might be safely carried to the end of his journey, however, without being an insurer of the safety of the passenger, for that the company did not undertake to do. Nor does it under the law stand as an insurer of the safety of the passenger.
“If the jury find from the evidence that the defendant, The Street Railway Company, is a common carrier of passengers, and that on the fourth day of October, 1892, the plaintiff’s intestate was a passenger on the car of the defendant, and having paid his fare, it was the duty of the said defendant to carry him safely to the point of his destination without injury, and when it is shown that the defendant failed to carry the plaintiff’s intestate safely to the place of his destination, the failure puts the defendant prima facie or affirmatively in the wrong’, and the burden of proof devolves upon the defendant to show that the injury was the result of another independent and intervening cause, and that the injury might not have been prevented by the exercise of that high degree of care to which we have alluded, and which prudent men are accustomed to employ under similar circumstances.
£ £ The laws of Ohio make it the duty of a street railway company to cause their cars to come to a full stop, not nearer than ten nor further than *579 fifty feet from the tracks of a steam railway at a ■ crossing, before proceeding to cross ; to cause some person in its employ to go ahead of the car and ascertain if the way-is clear and free from danger for the passage of such street car, and not to proceed to cross until such action has been taken by such persons so employed and the way is clear for their passage over the said tracks. If you find that the death of the plaintiff’s intestate resulted from the omission of such duty, or could have been avoided by the observation of said duty, you may consider it as the act of negligence on the part of the railway company, because of the invitation of the steam railway to come across, they should look and see that the way was clear, that does not relieve the street railway company from its duty to its passengers as I have described.”
The plaintiff in error excepted to the last of the above propositions of the general charge.
The court also charged the jury that both railroad and street railway might be found guilty of the wrongful act causing the injury, if both were concurrent in point of time and fact, and the wrongful act of each was the direct and proximate cause of the injury.
At request of plaintiff below, the court gave the following special charges, to which plaintiff in error excepted:
“1. The statute of Ohio made it the duty of The Cincinnati Street Railway Company to cause its car to come to a full stop not nearer than ten feet nor further than fifty feet from the crossing, and before proceeding to cross said steam railway tracks to cause some person in its employ to go ahead of said car and ascertain if the way was clear and free from danger for the passage of said *580 street car, and not to proceed to cross until signaled so to do, by such person so employed, as aforesaid, or said way was clear for their passage over said tracks ; and I charge you that the omission of such duty is negligence on the part of said defendant, which will render it liable in damages, if you find that the death of the decedent resulted from such omission, or could have been avoided by the observan.ee of this duty.
“2. So far as the street railway company is concerned, the fact, if you shall find it so to be, that the gateman neglected to let down the gates, or invited the street car driver to come ahead, does not excuse the company from its failure to send a person in its employ forward to examine the track, and to stop until such person shall have notified them to proceed.”
The street railway company then requested. the following five special charges, which the court refused to give, and exceptions were duly taken.
“1. If you find that the defendant steam railway company, in obedience to an ordinance of Cincinnati, had been, and at the time of the accident was maintaining gates with a watchman at the crossing-in question, then I charge you that employes of the defendant street railway company were not required at the same time and crossing first to stop the street car and then go forward to look for the approach of steam trains, but that such employes had the right to rely on the watchman with the gates of the steam railway company.
“2. If you find that as the car of the street railway company approached the steam tracks in question, the gateman of the defendant steam railway' company kept his gates open and by the use of his gong and oral invitation indicated to the driver of *581 the street ear that it was safe to, and he should drive across the tracks, and that the street railway employes while in the exercise of their senses of sight and hearing did not know of such an approach of a train as to make it unsafe to cross the tracks, then I charge you that the street railway employes were excused from stopping their car or going forward in advance of the car to examine for approaching trains, and that they were justified in accepting such invitation of the gateman and attempting to cross the tracks.
“3. If the jury find from the evidence that the gates established at the steam railroad crossing were open at the time the street car approached the crossing; the open gates were an affirmative and explicit declaration 'that it was safe to cross,- and that no train or locomotive was. approaching’ the crossing near enough to make it unsafe for the employes of the street railway company to act upon the invitation to cross; and if you find that the employes of the street railway company in the' use of their senses of sight and hearing did not know of the approach of a train and were not otherwise warned or advised of its near approach so as to make it unsafe to cross, they were not guilty of negligence in acting upon the invitation extended to them by the open gates..
“4. If you find that Harrison avenue and the steam railroad track at the point where this collision occurred was a crossing much used both by the steam railroad and the street railroad and the traveling public generally, and the number of trains using the steam road and others using public conveyances and traveling along the street, made it necessary and highly important for safety in crossing, that persons driving wagons and public con *582 veyances should cross over promptly and quickly, so that the passage of steam railroad trains and of persons desiring to use the street crossing should not be unduly delayed and hindered, and in order to avoid this you should find that it was necessary for the defendant’s street car to cross over promptly and speedily, then I charge you that unless the employes of the defendant street railway company were made aware or by the exercise of their senses of sight and hearing could have ascertained that a train was approaching before they went upon the crossing, so near as to make it unsafe to cross, you may find that they were not negligent in acting upon the invitation presented by the open gates, or such other inivtation, if you find any was given, by the employe of the steam railroad in charge of the gate.
“5. If the jury find that the defendant street railway company’s car was slowed up as it approached the tracks of the defendant B. & O. S. W. Railway Co., on Harrison avenue, and that thereupon and before the street ear reached the side track of the steam railroad, the gateman of the ‘steam railroad company personally called to the employes in charge of the street ear to 4 4come ahead,” or called to them in any other words to that effect, and in response to which the street car went ahead, then I charge you that there can be no recovery against the street railway company.”
Section two of the act of May 4, 1891, 88 O. L., provides as follows:
“Whenever the tracks of any street railroads in this state cross the tracks of any steam railway at grade, the street railway company operating said line of cars shall cause their street cars to come to .a full stop not nearer than ten feet nor further *583 than fifty feet from the crossing, and before proceeding to cross said steam railway tracks, shall cause some person in their employ to go ahead of said car or cars, and ascertain if the way is clear and free from danger for the passage of said street cars, and said street railroad cars shall not proceed to cross until signaled so to do by such person so employed as aforesaid, or said way is clear for their passage over said tracks. ’ ’
The penalty for a violation of this section is one hundred dollars, together with liability in damages to the party injured, on part of both the street railway company and its employe.
On part of the street railway, it is contended that the above statute should be read in pari mcvteria with that section of the railroad statute requiring gates and a watchman to be maintained at dangerous crossings, and that when the gates are open and such watchman is at his post and signals the street car to come on and cross, that the employes of the street railway are thereby relieved and excused from stopping the car and g'oing forward to ascertain whether the crossing* is clear and free from danger.
We do not agree with this view. The watchman is placed at his post to prevent accidents and injuries at the crossing*, and he and the railroad company are chargeable only with ordinary care, while the street railway company is a carrier of passengers, and as such is chargeable with a much higher degree of care.
The street railway statute is for the protection of the lives of its passengers, and in addition is highly penal in its provisions, and by its terms makes no exception of crossings where there are gates and a watchman.
*584 It is therefore clear that the car must stop and the employe go forward, whether there are gates and a watchman or not.
It is also contended on part of the street railway company, that the court erred in its general charge, and in the special charge, in which the court called the attention of the jury to the above statute and the duty thereby imposed of stopping, the car and going forward to see that the crossing-is clear, and then added: “If you find that the death of the plaintiff’s intestate resulted from the omission of such duty, or could have been avoided by the observation of said duty, you may consider it as the act of neg-ligenee on the part of the railway company, because of the invitation of the steam railway to come across they should look and see that the way was clear, and does not relieve the street railway company from its duty to its passeng-ers as I have described. ’ ’
The case was argued, both on brief and orally, as if the court had charged that the mere failure to stop the car. and failure to go forward to see-that the crossing- ^ was clear, constituted, per se, such actionable neglig-enee as to warrant a recovery; and it is strongly urged that the question, as to whether such failure to stop the car and go forward, was or was not negligence on part of the street railway company, should have been submitted to the jury. Four of the five requests to charge are also in line with this theory. But an examination of the above part of the general charge shows, that the court only decided that. in this case it was negligence to fail to stop the car and go forward, and then as to whether or not the injury was caused by such negligence was submitted to the jury. The language of the court is, *585 “If you find that death resulted from the omission of such duty or could have been avoided by the observation of such duty.”
This clearly leaves to the jury the question as to whether or not the injury was caused by the negligence of not stopping the car, and not going forward as required by statute.
True, the effect of the charge was that the failure to stop the car and go forward was negligence. The charge in that regard was strictly correct. The statute requires that the car stop and that an employe go forward and ascertain if the way is clear, and a failure to obey the statute in this regard is negligence, but in an action for damages, and not for penalty, it is not actionable negligence, because to make such negligence actionable, some injury must have been directly caused thereby. In such case if there is nothing which in law tends to justify or excuse such negligence, it is not only the right, but the duty of the trial judge, to say to the jury that such omission is negligence, and then, if the evidence tends to prove that such genligeh.ce was the direct or proximate cause of the injury, to submit that question to the jury; if the evidence does not so tend, a verdict should be directed for the defendant. Whether or not the evidence so tend s, is a question of law for the court, and not of fact for the jury.
It may well be doubted, whether under any circumstances, the street railway company would be justified or excused for violating the statute, but that question is not necessarily involved in this case, as the facts shown at the trial did not even tend toward an excuse or justification.
The trial court in this case said to the jury, that if they found that death resulted from the omis *586 sion of such duty, or could have been avoided by the observation of such duty, that the street railway company would be liable. The true test in such case is, that the injury resulted directly from the negligence complained of, or was directly or proximately caused thereby; but in the absence of a request to make the charg-e more specific in that regard, we cannot say that the street railway company was prejudiced by the charge as given.
It is urged that this failure of duty on part of the street railway company, was not averred in the petition, and that therefore it cannot be relied upon as a ground of recovery. Railroad Company v. Whitacre, 35 Ohio St., 629. The statute prescribes the care to be taken by the street railway company at a crossing-, and the terms of the statute need not be pleaded, but in this ease they were pleaded, and were on motion vepy properly stricken out. The petition avers that: ‘ ‘ The said street railway company without exercising any care on its part, negligently and carelessly caused said car, on which said decedent was riding, to be drawn across said steam railroad tracks.” If it drove on without exercising any care, it certainly did not stop its car nor go forward, because that would have been exercising some care, in fact such care as the statute requires. The averment of no care is broad and sweeping, and perhaps indefinite and uncertain, but all this might have been cured by motion.
It is also urged that it is not always necessary to stop the street ear and go forward when a railroad crossing- is reached, and that the last sentence of the section shows that if the track is clear, the car may proceed without stopping and without any one going- forward. The section of *587 the statute in question, after providing for the stopping of the street car and an employe going forward to ascertain that the way is clear and free from danger, provides as follows: “And said street railroad cars shall not proceed to cross until signaled so to do by such person so employed .as aforesaid, or said way is clear for their passage over said tracks.”
In many cities there is but one employe on a street car, and while he is bound to stop his car and go forward and ascertain if the way is clear and free from danger, he cannot well signal to himself to proceed, and in such case he shall not proceed to cross with his car, “until said way is clear for their passage over said tracks.” This last sentence is clearly applicable only to eases where, after one goes forward, there is no one left in charge of the car to whom a signal can be given. But this does not excuse the employe from stopping his car, and going forward and ascertaining whether the way is clear and free from danger.
The railroad company in its brief, asks a reversal of the judgment against it only in case the judgment against the street railway company should be reversed, but in oral argument it is urged that the judgment against the railroad company should be reversed, and that against the street railway company affirmed. We find no error in the record prejudicial to either company, and therefore the judgment against both companies is affirmed.

Judgment affirmed.